**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Situation Management Systems, Inc.**

      **v.**                        **Case No. 05-cv-458-PB**
                                              **Opinion No. 2006 DNH 092**

**ASP.Consulting Group et al.**

**MEMORANDUM AND ORDER**

Plaintiff Situation Management Systems ("SMS") alleges that defendants ASP.Consulting Group ("ASP Group") and ASP.Consulting, LLC ("ASP LLC") infringed SMS's copyrighted works.  ASP LLC has filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) (Doc. No. 9).  SMS objects (Doc. No. 14).  For the reasons set forth below, I grant ASP LLC's motion.

**I.  BACKGROUND**[1]

SMS is a Massachusetts corporation with its principal place of business in Nashua, NH.  Am. Compl. ¶ 1.  It offers training and consulting services "in the field of improving business and personal productivity."  Id. ¶ 2.  It owns the copyrights to a

---

[1]  I describe the facts in the light most favorable to SMS, the non-movant.

variety of training manuals and materials.  Id. ¶ 11.

ASP LLC is a Massachusetts corporation with its principal place of business in Duxbury, MA.  Id. ¶ 4.  ASP Group is a group of companies, including ASP LLC, which is allegedly headquartered in Austria.[2]  Id. ¶¶ 3, 5.  ASP LLC and ASP Group provide training and consulting services throughout the world.  Id. ¶ 6.

In 2001, SMS filed for bankruptcy protection and all of its stock was purchased by LMA, Inc. ("LMA"), a New Hampshire company.  Id. ¶ 12; Pl.'s Obj. at 3.  Following LMA's acquisition of SMS, several SMS employees left the company and began working for ASP LLC.[3]  Am. Compl. ¶¶ 12-13.  With the assistance of the former SMS employees, ASP LLC and ASP Group allegedly conspired

_____

[2] The identity of the parties in this action has caused a good bit of confusion.  It is unclear whether ASP Group is in fact a formal legal entity distinct from ASP LLC.  Also, SMS's first complaint named ASP Group as the sole defendant and stated that ASP Group was an Austrian corporation headquartered in Boston, MA.  Compl. ¶ 3.  However, SMS served the complaint on Alexander M. Moore, who is the registered agent for ASP LLC, not ASP Group.  Aff. of Alexander B. Moore ¶ 1.  SMS subsequently filed an amended complaint naming both ASP Group and ASP LLC as defendants.  To date, it appears that process has only been served on ASP LLC.  Def.'s Reply Br. at 2 n.1.  Because ASP Group has not been served in this action and therefore has not filed a motion to dismiss, I need only determine whether there is a basis for personal jurisdiction over ASP LLC.

[3] While it is not clear from the amended complaint whether the SMS employees went to work for ASP LLC or ASP Group, I assume plaintiffs mean ASP LLC.

to develop a training program that includes materials based on or derived from SMS's copyrighted works.  Id. ¶ 17.  SMS charges ASP LLC and ASP Group with copyright infringement and conspiracy to commit copyright infringement.  Id. ¶¶ 20, 25.

## II.  STANDARD OF REVIEW

When a defendant contests personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of showing that a basis for asserting jurisdiction exists.  See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n., 142 F.3d 26, 34 (1st Cir. 1998); Alers-Rodriguez v. Fullerton Tires Corp., 115 F.3d 81, 83 (1st Cir. 1997).  Because I have not held an evidentiary hearing, SMS need only make a prima facie showing that the court has personal jurisdiction over the defendants.  See Sawtelle v. Farrell, 70 F.3d 1381, 1386 n.1 (1st Cir. 1995).

To make a prima facie showing of jurisdiction, SMS may not rest on the pleadings.  Rather, it must "adduce evidence of specific facts" that support its jurisdictional claim.  Foster-Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 145 (1st Cir. 1995); see also United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp., 987 F.2d 39, 44 (1st Cir. 1993) (hereinafter,

-3-

"<u>Pleasant St. II</u>").  I take the facts offered by the plaintiff as
true and construe them in the light most favorable to the
plaintiff's claim.  <u>See</u> <u>Mass. Sch. of Law</u>, 142 F.3d at 34;
<u>Foster-Miller</u>, 46 F.3d at 145.  I do not act as a fact-finder;
instead, I determine "whether the facts duly proffered, [when]
fully credited, support the exercise of personal jurisdiction."
<u>Alers-Rodriguez</u>, 115 F.3d at 84.

While the prima facie standard is liberal, I need not
"'credit conclusory allegations or draw farfetched inferences.'"
<u>Mass. Sch. of Law</u>, 142 F.3d at 34 (quoting <u>Ticketmaster-New York,</u>
<u>Inc. v. Alioto</u>, 26 F.3d 201, 203 (1st Cir. 1994)).  I also
consider facts offered by the defendant, but only to the extent
that they are uncontradicted.  <u>See</u> <u>id.</u>

### III.  **<u>ANALYSIS</u>**

In federal question cases, the constitutional limits of
personal jurisdiction are established by the Fifth Amendment's
due process clause.  <u>United States v. Swiss Am. Bank, Ltd.</u>, 274
F.3d 610, 618 (1st Cir. 2001).  In order to show that personal
jurisdiction is constitutional under the Fifth Amendment, the
plaintiff is required to demonstrate that the defendant has

-4-

sufficient contacts with the United States as a whole.  <u>Id.</u>  ASP
LLC is a Massachusetts corporation headquartered in
Massachusetts, so there is no dispute that it has adequate
contacts with the United States.[4]

In addition to having sufficient contacts with the United
States, the defendant must be amenable to service of process in
the district in which it has been sued.  <u>See</u> <u>United Elec., Radio
& Mach. Workers v. 163 Pleasant St. Corp.</u>, 960 F.2d 1080, 1085
(1st Cir. 1992) (hereinafter, "<u>Pleasant St. I</u>"); <u>PFIP, LLC v.
Planet Fitness, Enters., Inc.</u>, No. 04-250-JD, 2004 U.S. Dist.
LEXIS 22799, at *7 (D.N.H. Oct. 10, 2004).  The plaintiff must
"ground its service of process in a federal statute or civil
rule."  <u>Swiss Am. Bank</u>, 274 F.3d at 618.  "In other words, though
personal jurisdiction and service of process are distinguishable,
they are inextricably intertwined, since service of process
constitutes the vehicle by which the court obtains jurisdiction."
<u>Pleasant St. I</u>, 960 F.2d at 1085.

---

[4]  The First Circuit has also held that sufficient contacts
with the United States exist "whenever the defendant is served
within the sovereign territory of the United States."  <u>Lorelei
Corp. v. County of Guadalupe</u>, 940 F.2d 717, 719 (1st Cir. 1991).
ASP LLC was served in Massachusetts.

Under Federal Rule of Civil Procedure 4(k), service of process establishes personal jurisdiction if the defendant "could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located," or if service is "authorized by a statute of the United States." See also Lorelei Corp., 940 F.2d at 719-20.  SMS has not identified a federal statute authorizing it to serve ASP LLC in Massachusetts.  See PFIP, 2004 U.S. Dist. LEXIS 22799, at *7 (Copyright Act does not authorize nationwide service of process).  Nevertheless, extraterritorial service of process is permissible under Rule 4(k) "'to the extent permitted by the law of the state in which the district court sits.'"  PFIP, 2004 U.S. Dist. LEXIS 22799, at *7 (quoting Pleasant St. I, 960 F.2d at 1086).  Thus, SMS's service of ASP LLC in Massachusetts was proper to the extent that New Hampshire, the forum state, permits extraterritorial service of process.

A forum state may authorize extraterritorial service of process only if the defendant has had contact with the state sufficient to satisfy the Fourteenth Amendment's due process clause.[5]  Lorelei Corp., 940 F.2d at 720.  The result is that the

_____

[5]  SMS contends that ASP LLC is subject to personal jurisdiction because ASP Group, the alleged co-conspirator, is

Fourteenth Amendment, "while imposing no direct state-by-state constraint on a federal court in a federal question case, acts indirectly as a governing mechanism for the exercise of personal jurisdiction."[6]  <u>Pleasant St. I</u>, 960 F.2d at 1086.

Fourteenth Amendment due process requires that the defendant have "certain minimum contacts" with a state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945) (quoting <u>Milliken v. Meyer</u>, 311 U.S. 457, 463 (1940)).  "'[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985) (quoting

---

"subject to statutory jurisdiction here under 28 U.S.C. §§ 1331 and 1338."  Pl.'s Br. at 4.  28 U.S.C. §§ 1331 and 1338 do not subject ASP Group to personal jurisdiction.  They confer <u>subject matter jurisdiction</u> in federal question and intellectual property cases.

[6]  I need not discuss whether New Hampshire law imposes additional limits on personal jurisdiction because New Hampshire's corporate long-arm statute, N.H. Rev. Stat. Ann. § 293-A:15.10, authorizes personal jurisdiction to the full extent allowed by the Fourteenth Amendment.  <u>Sawtelle</u>, 70 F.3d at 1388; <u>see also</u> <u>ICP Solar Techs. v. TAB Consulting, Inc.</u>, 413 F. Supp. 2d 12, 15 (D.N.H. 2006).

Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

The defendant's contacts with the forum state can confer either general or specific jurisdiction, depending "on the quality and quantity of the potential defendant's contacts with the forum." Phillips Exeter Academy v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999). A defendant who has made "continuous and systematic" contacts with the forum state will be subject to general jurisdiction, such that it may be haled into court as to all matters, including matters unrelated to its contacts with the forum. Id. Specific jurisdiction, on the other hand, is premised on "a significant subset of contacts between the defendant and the forum." Id. This breed of personal jurisdiction only extends to cases that arise from the defendant's contacts with the forum state. Id.

SMS argues that the following contacts subject ASP LLC to personal jurisdiction in New Hampshire: (1) the alleged copyright infringement "is the direct descendent of a corporate deal" in which LMA, a New Hampshire company, purchased SMS; (2) ASP LLC's web site is accessible in New Hampshire and "provides the opportunity to contact ASP [LLC] to purchase [ASP LLC's] services;" and (3) ASP LLC allegedly infringed SMS's copyrighted

works with the knowledge and intent that SMS would be injured in New Hampshire.  Pl.'s Br. at 6-8 (emphasis removed).  SMS has not distinguished between general and specific jurisdiction, so I address both.

## A.   **General Jurisdiction**

The general jurisdiction inquiry has two steps.  <u>Swiss Am. Bank</u>, 274 F.3d at 619.  First, I ask whether there are "'continuous and systematic general business contacts' between the foreign defendant and the forum." <u>Id.</u> (quoting <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 416 (1984)).  To assess the sufficiency of the defendant's contacts, I look to "the types of contacts deemed sufficiently continuous and systematic in other cases." <u>Noonan v. Winston Co.</u>, 135 F.3d 85, 93 (1st Cir. 1998).  If sufficient contacts exist, I must proceed to the second step and determine whether the exercise of personal jurisdiction would be reasonable.  <u>Swiss Am. Bank</u>, 274 F.3d at 619.

General jurisdiction in this case would have to be grounded in ASP LLC's internet presence, as that is the only contact alleged to have occurred on a continuous basis.  "[A]nalysis of the jurisdictional effects of an internet web site must focus on

whether the defendant has actually and deliberately used its web site to conduct commercial transactions or other activities with residents of the forum."[7] <u>Dagesse</u>, 113 F. Supp. 2d at 221.  SMS has proffered no evidence that ASP LLC has engaged in commercial transactions with New Hampshire residents via its web site, or even that any New Hampshire residents have used the web site to contact ASP LLC about its services.  Other courts have refused to exercise general jurisdiction in similar circumstances.  <u>See</u> <u>Sunlight Saunas, Inc. v. Sundance Sauna, Inc.</u>, 427 F. Supp. 2d 1011, 1018 (D. Kan. 2006) (no prima facie case of general jurisdiction where plaintiff had not "shown a single, actual, deliberate contact with [the forum state]"); <u>Fairbrother</u>, 340 F. Supp. 2d at 1156 (no general jurisdiction where defendant had "not deliberately used its web site to conduct commercial transactions or other activities with residents of [the forum state] and, in fact, ha[d] not conducted any actual business in

---

[7]  Many courts analyze the jurisdictional effects of a web site using the framework established in <u>Zippo Mfg. Co. v. Zippo Dot Com</u>, 952 F. Supp. 1119 (W.D. Pa. 1997).  However, as I have previously recognized, the <u>Zippo</u> analysis is less useful when the web site at issue, like ASP LLC's, is neither fully interactive nor fully passive.  <u>Dagesse v. Plant Hotel N.V.</u>, 113 F. Supp. 2d 211, 222 (D.N.H. 2000); <u>see also</u> <u>Fairbrother v. Am. Monument Found., LLC</u>, 340 F. Supp. 2d 1147, 1156 (D. Colo. 2004) (adopting the <u>Dagesse</u> analysis).

[the forum state] as a result of the website"). Accordingly, I conclude that ASP LLC is not subject to general jurisdiction.

**B.    Specific Jurisdiction**

Analysis of a specific jurisdiction claim proceeds in three steps. Swiss Am. Bank, 274 F.3d at 621.

> First, an inquiring court must ask whether the claim that undergirds the litigation directly relates to or arises out of the defendant's contacts with the forum.  Second, the court must ask whether those contacts constitute purposeful availment of the benefits and protections afforded by the forum's laws.  Third, if the proponent's case clears the first two hurdles, the court then must analyze the overall reasonableness of an exercise of jurisdiction in light of a variety of pertinent factors that touch upon the fundamental fairness of an exercise of jurisdiction.

Phillips Exeter, 196 F.3d at 288.

I turn first to whether SMS's infringement claim "relates to or arises out of" ASP LLC's alleged contacts with New Hampshire. The focus of this inquiry is on "'the nexus between defendant's contacts and the plaintiff's cause of action.'" Swiss Am. Bank, 274 F.3d at 621 (quoting Sawtelle, 70 F.3d at 1389).  With respect to a tort claim, courts ordinarily ask both whether "the injury would not have occurred 'but for' the defendant's forum activity" (cause in fact) and whether "the defendant's in-state conduct gave birth to the cause of action" (proximate cause).

<u>Mass. Sch. of Law</u>, 142 F.3d at 35; <u>see also</u> <u>Dagesse</u>, 113 F. Supp. 2d at 216.  I discuss each of ASP LLC's three alleged contacts separately.

    1.   <u>LMA's Purchase of SMS</u>

    SMS contends that after LMA purchased SMS, former SMS employees threatened to infringe SMS's copyrighted works and eventually followed through on the threat after being hired by ASP LLC.  The only connection between SMS's claims and New Hampshire is that certain SMS employees defected to ASP LLC after a New Hampshire company purchased SMS.  This causal nexus is too attenuated to support the exercise of specific jurisdiction.  SMS has not alleged that ASP LLC recruited its employees in New Hampshire, or that ASP LLC had any involvement in the LMA-SMS deal in New Hampshire.  Accordingly, I will not base the exercise of personal jurisdiction on this contact.

    2.   <u>ASP LLC's Web Site</u>

    SMS has not argued either that the allegedly infringing works are advertised on ASP LLC's web site or that the works are available for viewing on the site.  SMS has not alleged that a person in New Hampshire purchased an infringing work after contacting ASP LLC via the web site.  As SMS has not shown any

causative link between the web site and the copyright infringement and conspiracy claims, it would not be proper to exercise personal jurisdiction based on the web site.

      3.  <u>Injury in New Hampshire</u>

SMS argues that ASP LLC is subject to personal jurisdiction because SMS sustained its injury in New Hampshire.  SMS relies on <u>Velcro Group Corp. v. Billarant</u>, 692 F. Supp. 1443, 1447 (D.N.H. 1988), which held that under New Hampshire's long-arm statute, an out-of-state defendant may be haled into court if "the impact of the alleged tort in New Hampshire is more than fortuitous, so that the defendant knew or should have known his conduct could injure a person here."

SMS may have intended to invoke the so-called "effects theory" announced by the Supreme Court in <u>Calder v. Jones</u>, 465 U.S. 783, 789 (1984).[8]  In <u>Calder</u>, a defamation case, the Supreme Court held that the defendant was subject to personal jurisdiction because it had intentionally caused injury in the forum state.  <u>Id.</u> at 789.  I conclude that the effects theory does not authorize personal jurisdiction in this case.

---

    [8]  The <u>Velcro</u> court cited <u>Calder</u> in its minimum contacts analysis.  <u>Velcro</u>, 692 F. Supp. at 1448.

The effects theory is not a substitute for minimum contacts
analysis.  The First Circuit has held that the effects theory "is
relevant only to the purposeful availment prong" of the minimum
contacts analysis, Swiss Am. Bank, 274 F.3d at 624, and that "the
in-forum effects of extra-forum activities [do not] suffice to
constitute minimum contacts."  Mass. Sch. of Law, 142 F.3d at 36.
Other courts of appeal agree that Calder should be narrowly
construed.  The Third Circuit explained that "jurisdiction under
Calder requires more than a finding that the harm caused by the
defendant's intentional tort is primarily felt within the forum."
IMO Indus. v. Kiekert AG, 155 F.3d 254, 265 (3d Cir. 1998).
Instead, a plaintiff must show that the defendant "expressly
aimed its tortious conduct at the forum."  Id.  "Simply asserting
that the defendant knew that the plaintiff's principal place of
business was located in the forum would be insufficient in itself
to meet this requirement."  Id.

SMS has not proffered any facts suggesting that its
materials were copied in New Hampshire or that any of the
allegedly infringing works were distributed in New Hampshire.
The fact that SMS has its principal place of business in New
Hampshire is insufficient to confer personal jurisdiction under

-14-

<u>Calder</u>.  <u>Cf.</u> <u>PFIP</u>, 2004 U.S. Dist. LEXIS 22799, at \*17–18 (out-of-state defendant's contact with New Hampshire was related to a copyright infringement claim where defendant had contracted with a New Hampshire printer to create the allegedly infringing materials).  Therefore, I conclude that personal jurisdiction is lacking under <u>Calder</u>'s effects theory.

I conclude that ASP LLC's alleged contacts with New Hampshire are not related to SMS's copyright infringement and conspiracy claims.  Therefore, I need not address the second and third prongs of the specific jurisdiction inquiry.

## IV.  <u>CONCLUSION</u>

For the reasons set forth above, I grant ASP LLC's motion to dismiss (Doc. No. 9).

SO ORDERED.

/s/Paul Barbadoro_____
Paul Barbadoro
United States District Judge

August 15, 2006

cc:  R. Matthew Cairns, Esq.
     Christopher Cole, Esq.